### F. M. Madison v. N. H. Henderson.

1. PARTNERSHIP—*Suits for Breach of the Contract After Dissolution by Mutual Consent.*—A suit by one partner against another for damages occasioned by a breach of the partnership contract can not be sustained where the partnership was dissolved by mutual consent of the parties.

2. SAME—*Settlement by Arbitration as a Bar to a Suit for a Breach of the Partnership Contract.*—A settlement by arbitration as provided by the partnership agreement is a bar to a suit by one partner against the other for a breach of the partnership agreement.

**Assumpsit,** for a breach of a partnership agreement. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed December 5, 1899.

W. P. BLACK, attorney for appellant.

J. M. LONGENECKER, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The parties to this suit associated themselves together as partners for the practice of medicine and surgery, and reduced their agreements in respect thereof to writing, March 1, 1887. The material stipulations and agreements of said writing, are, so far as matters here involved are concerned, as follows:

" Said party of the second part (Henderson) expressly agrees to devote his entire time to the business, in whatever capacity the party of the first part may choose to place him, whether in canvassing for cases, contracting, treating or operating alone or in assisting in such operations, in any of the offices in any State the said Madison may select. It is further agreed that in case the said Henderson fails to comply with, or fails to perform his part of this contract, in such case the said Henderson shall pay to said Madison the sum of two thousand dollars ($2,000) for damages and inconveniences to said Madison.    *    *    *

It is also mutually agreed by and between said parties that in case of any differences between said parties in the settlement of any partnership affairs or in the conduct of said partnership, that all such matters shall be submitted to two arbitrators, one of whom shall be selected by each of said parties, to whom shall be referred all of said differences, and whose award shall be final and binding on said parties, and if said two arbitrators can not agree, they shall select a third arbitrator and an award by two of such arbitrators shall be binding upon such parties and a full and complete settlement or adjustment of the matter or matters submitted to said arbitrators by said parties; and the said award shall, at the option of either of said parties, be made a judgment or decree in either the Circuit or Superior Courts of Cook County; and for that purpose the said parties do hereby authorize any attorney at law of said county to

appear in said court or either of them, and for us, and in our name or in the name of each of said parties and the consent of our said attorney to the entry of such judgment or decree upon said award as may be rendered in manner stated as aforesaid."

The partnership lasted only a few months, and Madison, as plaintiff, brought suit in June, 1887, to recover damages from Henderson for an alleged breach of the partnership agreement by withdrawing from the partnership and refusing to longer continue therein.

To the declaration, the appellee filed the general issue, and a special plea setting up that in April and May, 1887, an arbitration had been had under the provisions of said partnership agreement, and that the arbitrators had awarded that neither party was entitled to any damages.

Subsequently, all special pleadings were withdrawn, and the case was submitted upon the declaration, general issue, and joinder thereon, it being stipulated that all matters of defense might be shown under the plea of the general issue, that would have been proper under any special plea, and that all matters answering the defense might be shown which would be competent under proper replication.

A jury trial was afterward had and the issues were found for the defendant, and a judgment for costs against the plaintiff followed, from which this is an appeal.

Under the evidence, the defense rested upon one, or both, of two theories : (1) a dissolution of the partnership by mutual consent of the partners and a full settlement of all matters between them, or (2) a settlement by arbitration as provided by the partnership agreement.

A full consideration of both questions satisfies us that the finding of the jury was justified under either theory of defense. But because of a delayed docket, we will speak in detail of only the defense that the partnership was dissolved and its affairs adjusted by mutual consent of the partners.

It was shown by the testimony of appellant that at about the time of its date, he received from appellee the following letter :

"CHICAGO, October 8, 1887.

DR. F. M. MADISON:

DEAR SIR: I hereby notify you that I have determined to dissolve the co-partnership heretofore existing between us. I will proceed to treat all cases now in hand, and to collect accounts due the firm, accounting to you for your share of such moneys, without further charge to you for my services.               Yours truly,

N. H. HENDERSON."

And appellant testified that after the date of that letter, appellee had exclusive charge of the closing up of the firm business, including the collection of all accounts due, and that after that time the firm, as such, did no business.

Again, as late as April 14, 1888, appellant received from appellee a receipt as follows:

"CHICAGO, April 14, 1888.

I have received and hold for collection the following notes and accounts due F. M. Madison and myself as co-partners, to wit:

(Here follows list of accounts aggregating about $2,300.)

N. H. HENDERSON."

And appellant testified that all matters referred to in the receipt were accounted for by appellee and settled between them.

Prior to the writing of the letter of October 8, 1887, a conversation was had between the parties which led up to the writing of the letter as a formal notice of cessation of partnership association between them, and if appellee's version of that conversation is true—and in some material essentials it is not denied by appellant—such character is given to the letter, and subsequent settlement of the partnership accounts and business by themselves, as would warrant the jury in finding, as by necessary intendment it is to be inferred they did, that there was no breach of contract by appellee, but that it came to end by mutual consent, and thereby appellant waived all claim against appellee for breach of the contract. For the reason that the conversation referred to involved another person we refrain from preserving it. In this aspect of the case it is not necessary to review the action of the trial court upon instructions

to the jury, or concerning the admission of evidence, affecting, as such rulings do, only the question of the validity of the arbitration proceedings.

The judgment of the Circuit Court is affirmed.